1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

9

10

ABSORPTION PHARMACEUTICALS, LLC,      )

                                        )      Case No. 2:17-cv-00513-JCM-NJK

          Plaintiff(s),                  )

11                                       )      ORDER

                                        )

12     RECKITT BENCKISER, LLC,           )      (Docket No. 20)

                                        )

13          Defendant(s).                )

                                        )

14

15          Pending before the Court is Defendant's motion to stay discovery. Docket No. 20. Plaintiff

16     filed a response in opposition and Defendant filed a reply. Docket Nos. 24, 25. The Court finds this

17     motion properly decided without oral argument. *See* Local Rule 78-1. For the reasons discussed

18     below, the motion is **GRANTED**.

19          Defendant seeks an order staying discovery pending resolution of its motion to dismiss.

20     Docket No. 20. *See also* Docket No. 6. In asking the Court to stay discovery, Defendant focuses

21     primarily on the portion of its motion related to personal jurisdiction. *See* Docket No. 20 at 5-10.

22     While the filing of a motion to dismiss for lack of personal jurisdiction does not automatically result

23     in an order staying discovery, such a motion "strongly favors a stay, or at a minimum, limitations on

24     discovery until the question of jurisdiction is resolved." *Kabo Tool Co. v. Porauto Indus. Co.*, 2013

25     U.S. Dist. Lexis 53570, at *2 (D. Nev. Apr. 15, 2013) (quoting *AMC Fabrication, Inc. v. KRD*

26     *Trucking W., Inc.*, 2012 U.S. Dist. Lexis 146270, at *2 (D. Nev. Oct. 10, 2012)). Courts are more

27     inclined to stay discovery pending resolution of such a motion because it presents a "critical

28     preliminary question." *Kabo Tool Co.*, 2013 U.S. Dist. Lexis 53570, at *2 (quoting *AMC*

1    *Fabrication*, 2012 U.S. Dist. Lexis 146270, at *2).  The Court agrees with Defendant that, in this

2    case, discovery should be stayed pending the resolution of the critical preliminary question of

3    personal jurisdiction.[1]

4         Accordingly, Defendant's motion to stay discovery, Docket No. 20, is hereby **GRANTED**.

5    If Defendant's motion to dismiss is not granted in full, the parties shall file a joint proposed

6    discovery plan within seven days of the issuance of the order resolving the motion to dismiss.

7         IT IS SO ORDERED.

8         DATED:   April 28, 2017.

9                                              _____

10                                             NANCY J. KOPPE
                                               United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24    [1] Plaintiff also submits that "if this Court determines that the current record is insufficient
to support jurisdiction over" Defendant, then Plaintiff "should be permitted to take jurisdictional
25    discovery to develop the record."  Docket No. 24 at 9.  This is typically an issue that the assigned
District Judge will resolve.  *See, e.g.*, *Hologram USA, Inc. v. Cirque du Soleil My Call, LLC*, 2014
26    U.S. Dist. Lexis 164604, at *3-*4 (D. Nev. Nov. 24, 2014) (citing *AMC Fabrication*, 2012 U.S. Dist.
27    Lexis 146270, at *4).

28                                              2