

**THREE GATEWAY CENTER**
100 Mulberry Street, 15th Floor
Newark, NJ 07102
T: 973.757.1100
F: 973.757.1090
**WALSH.LAW**

Liza M. Walsh
Direct Dial: (973) 757-1101
lwalsh@walsh.law

May 16, 2022

**VIA ECF**
Hon. Madeline Cox Arleo, U.S.D.J.
US District Court for the District of NJ
Martin Luther King Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

      Re:    *Absorption Pharmaceuticals, LLC v. Reckitt Benckiser LLC*
             Civil Action No.: 2:17-cv-12872 (MCA)(JSA)

Dear Judge Arleo:

      This firm, together with Proskauer Rose LLP, represents Plaintiff Absorption Pharmaceuticals LLC ("Absorption") in the above-referenced matter. We write in opposition to Defendants Reckitt Benckiser, LLC and RB Health (US) LLC's ("Reckitt") renewed request to prohibit Absorption from calling Ms. Elizabeth Gilbert as a witness pursuant to Fed. R. Evid. 608(a). (ECF No. 418).

      Since the start of trial, Reckitt has persistently attacked Mr. Jeffrey Abraham's character for truthfulness within the meaning of Rule 608. Given these attacks, Ms. Gilbert's anticipated testimony fits squarely within what Rule 608 and the related case law permit a party to present to rehabilitate a witness, like Mr. Abraham, whose character for truthfulness has been disparaged. For the reasons set forth below, Reckitt's request should once again be denied, and Ms. Gilbert should be permitted to testify subject to the constraints of Rule 608.

      "A witness's credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character. But evidence of truthful character is admissible only after the witness's character for truthfulness has been attacked." Fed. R. Evid. 608(a). The advisory committee notes to Rule 608 specifically state, "[o]pinion or reputation that the witness is untruthful specifically qualifies as an attack under the rule, and evidence of misconduct . . . also fall[s] within this category."

      Reckitt triggered Rule 608(a) in its opening statement. "[C]ourts in a number of jurisdictions," including this one, "have recognized that a witness's character for truthfulness may be raised as an issue in an opening statement, thus permitting the other party to present evidence on the issue in its case in chief." *See Ostrowski v. Cape Transit Corp.*, 853 A.2d 985, 995 (N.J.Super.A.D.,2004) (citing *Renda v. King*, 347 F.3d 550, 555–56 (3d Cir.2003), and other cases). Reckitt repeatedly referred to, and directly disparaged, Mr. Abraham's credibility and capacity for truthfulness. For example, Reckitt stated that Mr. Abraham was dishonest about: (1) offers Absorption received from GlaxoSmithKline ("GSK"), Church & Dwight ("C&D"), and other "offers" (May 10, 2022 Trial Tr. at 63:5-9, 68:6-9, 87:12-16); (2) the size of the premature

Hon. Madeline Cox Arleo, U.S.D.J.
May 16, 2022
Page 2

ejaculation spray market (May 10, 2022 Trial Tr. at 68:10-12); (3) the status of Promescent's clinical trials (*Id.* at 75:21-76:5); (4) Mr. Abraham's own efforts to keep Absorption's confidential information secret (*Id.* at 82:22-25); and (5) Mr. Abraham's motivations for bringing this lawsuit (*Id.* at 89:15-17, 81:2-3).

Reckitt has also triggered Rule 608(a) by presenting evidence of what *others*—so far, Stephen DePretre, Greg Kaminski, and employees at Reckitt—believed about Mr. Abraham's character for truthfulness. "Opinion or reputation that the witness is untruthful specifically qualifies as an attack under [Rule 608(a)]." Fed R. Evid. 680(a) advisory committee's notes. Reckitt cross-examined Mr. De Pretre about whether Mr. Abraham lied about prior offers from GSK and C&D, and directly attacked Mr. Abraham's character for truthfulness. (May 11, 2022 Trial Tr. at 262:13 -268:16). Specifically, Reckitt has attempted to establish Mr. Abraham's lack of truthfulness concerning: (1) whether the launch of Duration had an adverse financial impact on Absorption (*Id.* at 519:4-532:22); (2) whether Absorption received prior offers from third parties (*Id.* at 532:23-539:14); (3) the details concerning Mr. Abraham's initial meeting with Mr. Volker Sydow (*Id.* at 541:16-545:1); and (4) what type of information is contained in Absorption's confidential customer database and the efforts Absorption took to keep that information confidential (*Id.* at 552:3-591:10).

Reckitt also cross-examined Mr. DePretre on what *Mr. Kaminski* wrote about Mr. Abraham's character for truthfulness, in an email in which Mr. Kaminski speculated that Mr. Abraham "bluffed too often/too hard about Church & Dwight's interest and that [Mr. Kaminski] thought [Mr. Abraham] lost credibility when he was talking with Reckitt about Promescent." (May 11, 2022 Trial Tr. 273:7-275:15; DX-064.)

Reckitt has not simply sought to have the jury conclude that Mr. Abraham is untruthful. Rather, Reckitt has put forward evidence of what others think about Mr. Abraham's capacity for truthfulness. Reckitt has also indicated that it intends to call other witnesses, including Stephen Rabin and Alan Wills, with whom Reckitt will likely try to further attack Mr. Abraham's credibility. (*See* May 10, 2022 Trial Tr. at 74:10-75:8; May 12, 2022 Trial Tr. at 483:19-24). It would be patently unfair for Reckitt to present such evidence without providing Absorption the ability to rehabilitate Mr. Abraham's character for truthfulness via Ms. Gilbert's testimony.

Recognizing its argument's shortcomings, Reckitt has resorted to mischaracterizing the nature of its attacks on Mr. Abraham by stating that Reckitt is merely identifying "prior inconsistent statements" made by Mr. Abraham. Reckitt's position is without basis for multiple reasons. First, the "prior inconsistent statements" that Reckitt has highlighted at trial constitute allegations of misconduct, and directly concern whether Mr. Abraham has a character for truthfulness. For example, in DX-064, which Absorption assumes Reckitt will eventually move into evidence, as it represented it would do to the Court, Mr. Kaminski comments that Mr. Abraham has a "bluffing style". Introducing evidence that Mr. Abraham has a "bluffing style," and other allegations that Mr. Abraham made misrepresentations to Reckitt, are not mere inconsistent statements. They amount to a direct attack on his reputation for truthfulness.

Second, even if Reckitt's attempt to distinguish between a general attack of Mr. Abraham's truthfulness and a prior inconsistent statement were viable—it is not—courts have held that the use of prior inconsistent statements may constitute an attack on truthfulness, especially where such statements are used to show conscious and deliberate deception. *See U.S. v. Cruz*, 1992 WL 46042, at *6-7 (4th Cir. 1992); *Beard v. Mitchell*, 604 F.2d 485, 503 (7th Cir. 1979). Similarly,

Hon. Madeline Cox Arleo, U.S.D.J.
May 16, 2022
Page 3

when cross examination is "slashing" or is suggestive by insinuation of untruthful character, such cross examination will likely, in the eyes of the jury, disparage the general character of the witness. *see United States v. Angelini*, 678 F.2d 380, 382 n. 1 (1st Cir. 1982); *United States v. Medical Therapy Sciences*, 583 F.2d 36, 41 n. 6 (2nd Cir. 1978); *United States v. Scholle*, 553 F.2d 1109, 1123 (8th Cir.), *cert. denied*, 434 U.S. 940 (1977). Simply put, "the greater the number of inconsistencies brought out in cross-examination, "the stronger is the inference that by character the witness is a liar, not simply a witness who has told an isolated lie". McCormick on Evidence § 47 (6th ed.2009). Reckitt's cross-examination has opened the door for Ms. Gilbert's testimony under Rule 608(a).

As for any potential prejudice, Reckitt's argument that Ms. Gilbert's anticipated testimony raises issues under Fed. R. Evid. 403 is also wrong. First, Ms. Gilbert is not being called to "elicit sympathy" from the jury. Ms. Gilbert is the second largest shareholder at Absorption and has direct knowledge of the issues in this case. Indeed, she was listed on Absorption's January 28, 2019 Supplemental Initial Disclosures, which note she has information relating to (1) the founding of Absorption and (2) harm to Absorption caused by Reckitt's actions. For reasons unknown to Absorption, Reckitt made a strategic decision not to depose Ms. Gilbert. Nevertheless, Your Honor has already issued a limiting instruction that there may be no mention of the circumstances of Dr. Gilbert's passing. Should she testify, Ms. Gilbert will, of course, abide by that instruction. Her testimony will be narrowly tailored, as required by Rule 608. Specifically, aside from brief general background information concerning the formation of Absorption, Ms. Gilbert's testimony, which will last less than 15 minutes, will be limited to the following:

- Absorption founder Dr. Ron Gilbert was her husband, and she is the second largest shareholder in Absorption Pharmaceuticals.

- She has known Mr. Abraham since around 2010. She met Mr. Abraham, who had been a patient of Dr. Gilbert's, as Mr. Abraham and Dr. Gilbert became business partners and good friends.

- Mr. Abraham's trustworthiness and honesty in his capacity as CEO and as her friend.

- She has had opportunities to sell her own shares in the company, but has kept them because she believes in Mr. Abraham, his honest character, and his commitment to her.

- She has never seen Mr. Abraham do anything dishonest.

This is the exact type of witness and the exact type of testimony that Rule 608(a) permits. Moreover, Reckitt's conduct at trial thus far has rendered Ms. Gilbert's testimony necessary under Rule 608(a). If Reckitt concedes that it is not attacking Mr. Abraham's character for truthfulness generally, then it should stipulate that Mr. Abraham is a truthful person. Absent such an agreement, Absorption should be permitted, pursuant to Rule 608(a), to call Ms. Gilbert to testify concerning Mr. Abraham's capacity for truthfulness. Accordingly, Absorption respectfully submits that Reckitt's request to exclude Ms. Gilbert's testimony should be denied.

Hon. Madeline Cox Arleo, U.S.D.J.
May 16, 2022
Page 4

                                      Respectfully submitted,

                                      *s/ Liza M. Walsh*

                                      Liza M. Walsh

cc:      All Counsel of Record (via email)