# McElroy Deutsch

1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075
**T:** 973.993.8100 | **F:** 973.425.0161
**MDMC-LAW.COM**

Thomas R. Curtin
Direct Dial: (973) 401-7117
tcurtin@mdmc-law.com

May 18, 2022

<u>**VIA ECF**</u>

Honorable Madeline Cox Arleo, U.S.D.J.
Martin Luther King, Jr. Federal Building
 and U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

**PUBLIC VERSION
REDACTED**

Re:   *Absorption Pharm., LLC v. Reckitt Benckiser, LLC, et al.*,
      <u>Civil Action No. 17-12872 (MCA) (JSA)</u>

Dear Judge Arleo:

      Absorption has advised Reckitt that it intends to offer opinions *outside* the report of Cathy Lawton, related to a July 28, 2014 royalty model (the "July royalty model") that is not discussed anywhere in Ms. Lawton's reports. In her deposition, Ms. Lawton opined that the July royalty model supports damages of more than ▮ million (around ▮ million above her next highest opinion). Reckitt had no notice prior to the deposition that Ms. Lawton intended to offer this new opinion, and thus no ability to fully examine her about it. Absorption never sought to supplement Ms. Lawton's report to include this belated opinion and has not provided the precise amount of damages she contends the July royalty model supports. Reckitt has already moved to exclude this opinion once, in its Daubert motion. *See* Dkt. 307 at 31 n.20. In response, Absorption failed to address Reckitt's argument. And the Court then ruled that all experts would be held "to the four corners of their report." Mot. Hrg. Tr. 27 (Dec. 21, 2021) (Ex. A). The Court should adhere to that ruling and preclude Ms. Lawton from testifying regarding the July royalty model.

**I.   ABSORPTION OFFERED NO EXPERT OPINION ON THE JULY ROYALTY MODEL FOR THREE YEARS**

      This dispute concerns an internal royalty model circulated within Reckitt on July 28, 2014. Filled with "[l]ots of" Kavan Stewart's "dummy assumptions," this "first cut of the royalty model for" Promescent, *see* JX125 (Ex. B), was produced to Absorption on May 21, 2019. Absorption claimed that production was untimely. As Reckitt explained to Absorption (also in May 2019), the document had been incorrectly tagged as "non-responsive" by a contract attorney during the first level review of documents, and had not been identified through quality control protocols, but was produced promptly once this error was discovered.

      Two weeks after the production of the July royalty model, Ms. Lawton served a reply report. *See* Reply Expert Report of Catharine M. Lawton ("Reply Report") (June 3, 2019) (Ex.

# McElroy Deutsch

Honorable Madeline Cox Arleo, U.S.D.J.
May 18, 2022
Page 2

C). In it, Ms. Lawton stated that she had considered the July royalty model when drafting the reply report. *Id.*, Reply Exhibit C (listing model by Bates number among the "Materials Considered"). However, the reply report did not address the July royalty model or suggest that it changed or supported her opinions in any way. During her July 31, 2019 deposition, Ms. Lawton clarified that although her firm had received the document prior to the submission of her reply report, Ms. Lawton herself had not actually looked at the July royalty model until a day before her deposition. *See* Lawton Dep. at 137-38, 261-263 (July 31, 2019) (Ex. D). She nonetheless asserted at her deposition—for the very first time—that the July royalty model would increase her trade secret misappropriation damages calculation from ▮ million to more than ▮ million. *Id.* at 268-269. Surprised by this new, and dramatic, increase to Absorption's damages claim, counsel for Reckitt attempted to question Ms. Lawton about the new opinion, but lacked the tools required for a probing examination—an expert report explaining the bases for Ms. Lawton's opinion. *Lamb v. Montgomery Twp.*, 734 F. App'x 106, 110 (3d Cir. 2018) (failure to produce expert report before deadline for expert depositions "deprived the [opposing party] of a meaningful opportunity to depose" the expert). That questioning yielded little clarity from Ms. Lawton, who did not specify the precise amount of damages she would calculate based on the July royalty model. Nor did she explain the factual basis for concluding that misappropriation of Absorptions' confidential information occurred on or about July 28, 2014, something Ms. Lawton herself contended was a necessary predicate for using a model of that date in her hypothetical negotiation analysis. *See* Reply Report at 14 (▮).

For the next two years, Absorption did nothing to supplement or amend Ms. Lawton's report with an opinion regarding the July royalty model. There remains no reference to a "more than $▮ million" damages figure and no discussion of the July royalty model in any report submitted by Ms. Lawton.

On April 1, 2021, Reckitt filed a motion to partially exclude Ms. Lawton's testimony *See* Dkt. 307. That motion specifically asked the Court to preclude testimony on the July royalty model. Reckitt noted that Ms. Lawton ▮ any damages estimate based on the July royalty model ▮ *Id.* at 31 n.20. As a result, Reckitt requested that Ms. Lawton ▮ *Id.* Absorption did not respond to that contention in its opposition. *See* Dkt. 321. In light of that concession, the Court conducted the Daubert hearing in reference only to Lawton's opinions based on the June and August royalty models. *See, e.g.,* Mot. Hrg. Tr. 42 (describing the Lawton report as relying on "RB's June and August of 2014 internal projections"), 69 ("RB's internal net projections from June 2014 and August of 2014 provide the basis for Lawton's lost opportunity, reasonable royalty, and fraud opinions."). And counsel for Absorption offered no defense of permitting Lawton to testify about the July royalty model. Then, as noted above, this Court repeatedly held that all experts would be kept within the four corners of their report. Hrg. Tr. 42 (Dec. 8, 2021) (Ex. E) ("Experts will be kept to the four corners of their report."); Dkt. 368 at 3 n.2 (same); Mot. Hrg. Tr. 27 (Dec. 21, 2021) (same).

**McElroy Deutsch**

Honorable Madeline Cox Arleo, U.S.D.J.
May 18, 2022
Page 3

### II. ABSORPTION IMPROPERLY SEEKS TO OFFER A NEW EXPERT OPINION ON THE STAND

On April 13, 2022—four months after the Court held for the third time that experts would be restricted to their reports, and three years after the July royalty model was produced to Absorption and Ms. Lawton—Absorption asked Reckitt if Ms. Lawton could orally amend her report by testifying about the July royalty model at trial. After Reckitt objected, the parties worked to determine whether any compromise might be possible that would allow Ms. Lawton to incorporate the July royalty model into her testimony without unfairly prejudicing Reckitt. That included Reckitt requesting, on April 27, 2022, that Absorption provide additional details about how Ms. Lawton would use the July royalty model. Reckitt also made clear that any compromise would require an agreement that Ms. Lawton would not use the July royalty model to either increase her damages opinion or assert that while it could be the basis for increasing her damages opinion, she was being conservative by not doing so.

In verbal discussions thereafter, Absorption's counsel indicated that it could likely accept those conditions and that it would consider providing an additional disclosure of Ms. Lawton's proposed testimony on the July royalty model. Absorption eventually stated it would provide such a proffer by May 13, 2022. After missing that deadline, late on the evening of May 15, 2022, Absorption finally provided a four-sentence description of how it would seek to use the July royalty model. *See* Ex. F. Contrary to Reckitt's repeated explanation that it could not accept testimony that the July royalty model would have increased Reckitt's valuation of Absorption, the proposal from Absorption would have done exactly that. Because no agreement could be reached, Reckitt must ask this Court to reiterate (for a fourth time) that Ms. Lawton may not testify outside the bounds of her report.

Absorption's contrary position turns on the production of the July royalty model after the close of fact discovery. But as Reckitt explained in 2019, the delayed production of the document was the result of an individual reviewer's error, which was then caught and rectified *before* Ms. Lawton submitted her reply report. If Ms. Lawton had required more time to review the documents she received prior to submitting her reply, had felt that this document required an amendment to her earlier report, or had believed a supplemental report was required, Absorption could have sought leave to do so—in 2019.

Instead, Absorption did nothing for three years, failed to respond when Reckitt moved to preclude this opinion, then waited until just weeks before trial to ask whether it could introduce new expert opinions at trial that its expert believes raises its damages estimate by an unspecified amount in excess of $███ million, and then waited until the middle of trial to describe the contours of what it hopes to elicit. This request is transparently barred by this Court's prior orders. Regardless, "it is axiomatic that an expert may not present new opinions on topics not timely included or otherwise disclosed in the expert's report." *Krys v. Aaron*, 112 F. Supp. 3d 181, 207 (D.N.J. 2015) (collecting cases and excluding testimony related to a "financial statement" not analyzed in the expert's report); *see also* Fed. R. Civ. P. 26(a)(2)(B) (stating that an expert's report must contain "a complete statement of all opinions the witness will express and the basis and

**McElroy Deutsch**

Honorable Madeline Cox Arleo, U.S.D.J.
May 18, 2022
Page 4

reasons for them," along with "the facts or data considered by the witness in forming them"). Absorption's belated attempt to introduce a new opinion "deprives [Reckitt] of adequate notice, and the ability to assess the underpinnings of the opinion in connection with that expert's deposition, particularly where, as here, the intention to rely upon the expert for an undisclosed topic only becomes apparent on the eve of trial." *Krys*, 112 F. Supp. 3d at 207.

      For these reasons, Absorption should not be permitted to introduce opinions from Ms. Lawton related to the July royalty model during the course of her testimony.

Respectfully yours,

MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

*/s/ Thomas R. Curtin*

THOMAS R. CURTIN

cc:    All counsel (via ECF and e-mail)